

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-4-2003

# USA v. White

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-2012

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"USA v. White" (2003). *2003 Decisions*. Paper 142.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/142

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEAL
FOR THE THIRD CIRCUIT
_____

N0.  03-2012
_____

UNITED STATES OF AMERICA

v.

RYAN ANDRE WHITE,
             *Appellant*

_____

On Appeal From the United States District Court
For the Western District of Pennsylvania
(D.C. No. 02-cr-00168)
District Judge: Honorable Donetta W. Ambrose
_____

Submitted Under Third Circuit LAR 34.1(a)
October 24, 2003
Before: ALITO, FUENTES and BECKER, *Circuit Judges*

(Filed November 4, 2003)
_____

OPINION OF THE COURT
_____

Becker, *Circuit Judge*.

This is an appeal by defendant Ryan Andre White, who entered a conditional plea of guilty to three counts of an indictment charging him with possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1); possession with intent to distribute 50 grams or more of cocaine, 21 U.S.C. § 841(a)(1) and 841(b)(A)(iii); and using and carrying a

firearm during and in relation to a drug trafficking offense, 18 U.S.C. § 924(c)(1)(A). The conditional plea preserved White's ability to appeal the District Court's ruling denying his motion to suppress a firearm and drugs seized from him during a traffic stop. The facts of this case are well known to the parties hence we need not recount them here.

However, one factor bears particular mention. White, who was in the back seat, was not seized. While as a practical matter he could not go anywhere—he was in a leg cast and on crutches—there is no indication that he was not free to leave. Indeed Officer Boehm (Officer Elledge's partner, who remained with the stopped car and its occupants the whole time) testified that, while the car was detained and the driver was with Officer Elledge, "[White] asked me if somebody could come down and get the vehicle, if everything turned out okay, or they could leave, and I said sure, call who you want [on your cell phone.]." App. 119.

As noted, this appeal is from White's conditional plea, and it raises only a Fourth Amendment seizure claim (along with fruit-of-the-poisonous-tree claims regarding statements he made about the contents of the bag once its contents were revealed).[1] In essence, White argues that the period of time where the driver was out of the car with Officer Elledge (5-10 minutes addressing the driver's lack of identification and

---

[1]White correctly recognizes that he has no serious challenge to the grounds on which the search ultimately took place: Supreme Court precedent seems to foreclose any objections about the driver's ability to give consent, *see Ohio v. Robinette*, 519 U.S. 33 (1996), or the reasonableness of searching the car and all its occupants' possessions, *see Wyoming v. Houghton*, 526 U.S. 295 (1999).

completing the consent-to-search form) constitutes an unreasonable seizure of him, from which the discovery of the gun and drugs ensued. White argues that "[t]his Court has held that a routine traffic stop is not 'carte blanche' for an officer to engage in unjustified action based merely on a hunch," and that "the moment Officer Elledge requested that the driver give consent to search the automobile, he was acting [merely] on a hunch." In other words, the seizure was no longer reasonable when the officers turned the traffic stop into a fishing expedition. We disagree.

First, the Third Circuit case that White cites, *United States v. Johnson*, 63 F.3d 242, 247 (3d Cir. 1995), predates *Whren v. United States*, 517 U.S. 806 (1996). *Whren* resolved a question that was open at the time of *Johnson* (and was central to the portion of *Johnson* that White cites), i.e., whether an officer's subjective intent is relevant to finding a Fourth Amendment violation. *Whren* held that it is not. Moreover, even if *Johnson* were still the leading case, White does not characterize it accurately in his brief. *Johnson* in fact is quite skeptical of a subjective component in Fourth Amendment traffic stop analysis. In simple terms, an officer certainly may ask—incident to a lawful traffic stop—for consent to search based on a hunch, or indeed, on nothing at all. Thus, White fails as a matter of law to establish the predicate that the request for consent to search was unlawful.

Second, the seizure was not unreasonable in duration even if it were only a traffic stop. The reason that the traffic stop took so long was that the driver had no

identification. Whoever's estimate of the incident's duration one takes, from stop to arrest it lasted no more than 20 minutes or so. This is not objectively unreasonable for a traffic stop, particularly one with extenuating circumstances. Third, as noted above, White was free to leave, and was subjectively aware that this was so. Under the circumstances, the search was not unreasonable, and the motion to suppress evidence was properly granted.

The judgment of the District Court will be affirmed.

TO THE CLERK:

Please file the foregoing opinion.


/s/ Edward R. Becker
Circuit Judge